# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEITH RANDOLPH LEWIS,

Defendant-Appellant.

UNPUBLISHED
November 1, 2016

No. 326934
Wayne Circuit Court
LC No. 14-007201-FC

Before: GADOLA, P.J., and WILDER and METER, JJ.

PER CURIAM.

Defendant, Keith Randolph Lewis, appeals as of right his conviction of assault with intent to commit murder (AWIM), MCL 750.83, for which he was sentenced to a term of 15 to 30 years' imprisonment. We affirm defendant's conviction, but remand for the limited purpose of allowing the trial court to either articulate a factual basis underlying its assessment of 50 points under offense variable (OV) 6, or, if sufficient facts do not exist to support a finding of premeditation, to lower defendant's OV 6 score to 25 points and resentence defendant.

## I. BACKGROUND FACTS

This case arises out of an altercation that occurred between defendant and the victim, William Norman III, which resulted in defendant striking the victim in the head multiple times with a hammer. On July 26, 2014, defendant and the victim, who had been friends for many years, were drinking alcohol together. In the early morning hours of July 27, 2014, defendant drove with the victim, who was intoxicated and high on marijuana, to the parking lot of a restaurant where the men got into an argument. Defendant and the victim exited the vehicle and continued arguing in the parking lot. A bystander took a video of the altercation. In the video, defendant can be seen holding a hammer while the victim stands facing him. The victim can be heard swearing at defendant. Defendant then swings the hammer at the victim's head, making contact at least nine times. The last three blows occurred while the victim was lying motionless on the ground.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that insufficient evidence supported the jury's determination that he had the requisite intent to kill the victim. We review sufficiency of the evidence claims de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). "[A] reviewing court

-1-

must consider not whether there was any evidence to support the conviction but whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748, amended 441 Mich 1201 (1992) (citation and quotation marks omitted). When reviewing a sufficiency claim, courts "must view the evidence in the light most favorable to the prosecution . . . ." *People v Kloosterman*, 296 Mich App 636, 639; 823 NW2d 134 (2012). Similarly, any factual conflicts must be resolved in favor of the prosecution. *Wolfe*, 440 Mich at 515.

"The elements of assault with intent to commit murder are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999). A defendant's intent to kill may be proven by circumstantial evidence and the inferences arising therefrom. *People v Taylor*, 422 Mich 554, 567-568; 375 NW2d 1 (1985). When considering whether a defendant acted with the specific intent to kill, juries should consider factors such as the following:

> [1] the nature of the defendant's acts constituting the assault[,] [2] the temper or disposition of mind with which they were apparently performed, [3] whether the instrument and means used were naturally adapted to produce death, [4] his conduct and declarations prior to, at the time, and after the assault, [5] and all other circumstances calculated to throw light upon the intention with which the assault was made. [*Id*. at 568 (citation and quotation marks omitted).]

"Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *McRunels*, 237 Mich App at 181.

In this case, sufficient evidence supported the jury's conclusion that defendant intended to kill the victim. To begin, defendant used a hammer, which is a dangerous weapon when used during an assault. *People v Vaines*, 310 Mich 500, 505; 17 NW2d 729 (1945). The jury could reasonably infer from defendant's acts of striking the victim in the head that he engaged in conduct "naturally adapted to produce death . . . ." *Taylor*, 422 Mich at 568; see *People v Mills*, 450 Mich 61, 88; 537 NW2d 909, mod 450 Mich 1212 (1995) (CAVANAGH, J., dissenting) ("[A] wound to the head could indicate an intent to inflict a greater degree of harm than a wound elsewhere might indicate."). Defendant also struck the victim in the head multiple times, which demonstrates intention to inflict a fatal injury. See *id.* ("[M]ultiple knife or gunshot wounds could indicate an intentional act as opposed to an accident or a mistake."), citing *People v Coddington*, 188 Mich App 584, 598-599; 470 NW2d 478 (1991). Further, defendant continued to strike the victim while the victim was lying motionless on the ground. After he finished beating the victim with the hammer, defendant kicked the victim's motionless body and took something from the victim's pocket while calling him names and swearing at him. When an onlooker told defendant that he may have killed the victim, defendant responded, "Call the police then," and got into his vehicle and left the scene. Considering defendant's demeanor and statements surrounding the assault and the nature of the injuries inflicted on the victim, a rational jury could conclude beyond a reasonable doubt that defendant intended to kill the victim.

Alternatively, defendant argues that there was sufficient evidence of provocation to mitigate his intent to kill to intent to commit great bodily harm less than murder. It is within the province of the jury to determine whether adequate provocation exists to mitigate a defendant's

-2-

intent to murder to intent to do great bodily harm. See *People v Pouncey*, 437 Mich 382, 390; 471 NW2d 346 (1991). In this case, the jury was fully instructed on provocation, yet necessarily found that defendant was not adequately provoked to negate his intent to kill. Considering the circumstances outlined above, we believe there was sufficient evidence from which a rational jury could reject defendant's claim of adequate provocation and find beyond a reasonable doubt that defendant possessed the requisite intent to kill.

### III. SENTENCING

Defendant next argues that he is entitled to resentencing because the trial court improperly assessed 50 points under OV 6 and 5 points under OV 10. We review for clear error a trial court's factual findings underlying its scoring of the sentencing guidelines. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* A trial court's factual findings "must be supported by a preponderance of the evidence." *Id.*

Offense variable 6 concerns an offender's intent to kill or injure another person, and 50 points may properly be assessed if "[t]he offender had premeditated intent to kill . . . ." MCL 777.36(1)(a). Alternatively, 25 points should be assessed under OV 6 if "[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." MCL 777.36(1)(b). A trial court must assess points under OV 6 in a manner consistent with the jury's verdict, "unless the judge has information that was not presented to the jury." MCL 777.36(2)(a). A jury's decision that a defendant had the requisite intent to kill for purposes of AWIM simply does not reach the issue of whether the intent was premeditated, so an assessment of either 50 or 25 points is not inconsistent with such a verdict. See *People v Steanhouse*, 313 Mich App 1, 41; ___ NW2d ___ (2015), lv gtd 499 Mich 934 (2016).

> Premeditation, which requires sufficient time to permit the defendant to take a second look, may be inferred from the circumstances surrounding the killing. To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem. . . . Premeditation and deliberation characterize a thought process undisturbed by hot blood. Nonexclusive factors that may be considered to establish premeditation include the following: (1) the previous relationship between the defendant and the victim; (2) the defendant's actions before and after the crime; and (3) the circumstances of the killing itself, including the weapon used and the location of the wounds inflicted. Additionally, premeditation and deliberation may be inferred from all the facts and circumstances, but the inferences must have support in the record and cannot be arrived at by mere speculation. [*Id.* at 40-41 (citations, quotation marks, and brackets omitted).]

However, premeditation requires "substantially more reflection on and comprehension of the nature of the act than the mere amount of thought necessary to form the intent to kill." *People v Plummer*, 229 Mich App 293, 301; 581 NW2d 753 (1998). Further, "[w]hen the evidence establishes a fight and then a killing, there must be a showing of a thought process undisturbed

-3-

by hot blood in order to establish" premeditated intent to murder. *Id.* (quotation marks and citation omitted). "The critical inquiry is not only whether the defendant had the time to premeditate, but also whether he had the *capacity* to do so." *Id.* " 'Without such evidence, the sequence of events is as consistent with an unpremeditated killing—following hard on the outset of the argument—as it is with a premeditated killing after an interval during which there was an opportunity for cool-headed reflection.' " *Id.* at 301-302, quoting *People v Gill*, 43 Mich App 598, 606-607; 204 NW2d 699 (1972). A defendant's intoxication makes it "less likely that [he] subjected his actions to any analysis . . . ." *Id.* at 303.

In this case, it does not appear that the trial court made any specific finding of premeditation before assessing 50 points under OV 6, but rather concluded that the jury's finding of intent to kill for purposes of AWIM was equivalent to a finding of premeditation.[1] This is simply not the case, as a finding of premeditation requires evidence of "substantially more reflection on and comprehension of the nature of the act than the mere amount of thought necessary to form the intent to kill." *Plummer*, 229 Mich App at 301. Accordingly, the trial court improperly conflated the element of specific intent to kill under AWIM with the element of premeditation and thus failed to articulate a factual basis underlying its assessment of 50 points under OV 6. Under the circumstances, we believe a limited remand is appropriate to allow the trial court to either articulate a factual basis underlying its assessment of 50 points under OV 6, or, if sufficient facts do not exist to support a finding of premeditation, to lower defendant's OV 6 score to 25 points and resentence defendant.

Defendant argues that 10 points should have been assessed for OV 6 under MCL 777.36(2)(b) because the assault arose out of "a combative situation or in response to victimization of the offender." However, by its plain language, MCL 777.36(2)(b) only applies in situations in which there is "a killing" and in which "death occurred." There was no death or killing here because the victim survived; thus, MCL 777.36(2)(b) is inapplicable to this case.

Defendant next argues that the trial court erred by assessing 5 points under OV 10. Offense variable 10 concerns "exploitation of a vulnerable victim," and 5 points may be properly assessed if "[t]he offender exploited . . . a victim who was intoxicated, under the influence of drugs, asleep, or unconscious." MCL 777.40(1)(c). " 'Exploit' means to manipulate a victim for selfish or unethical purposes," and " '[v]ulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(b) and (c).

---

[1] Specifically, the trial court stated the following at sentencing:

> In this case, the jury did find the Defendant guilty of assault with intent to murder and found those elements necessary to satisfy that charge.

> I know that although it was argued to the jury that this was a fight, they did not accept that argument. So, I think under that situation that the score should be 50 points for OV 6, so, we'll change it from 25 to 50 points.

Evidence at trial revealed that the victim was intoxicated and under the influence of marijuana at the time of the assault. Following the attack, the victim's blood test revealed that the victim had a blood alcohol level of 0.35 grams per 100 milliliters. The victim had been drinking alcohol for hours before the assault, and defendant was present while the victim was drinking. The trial court could infer from this evidence that defendant was aware that the victim was intoxicated and that the victim had diminished capacity. Evidence also showed that defendant exploited the victim's unconsciousness. The three final strikes to the victim's head with the hammer occurred when the victim was lying motionless on the ground. After the final strike, defendant kicked the victim's body and took something from the victim's pocket. From this evidence, the trial court could reasonably conclude that defendant exploited a victim who was intoxicated and unconscious. MCL 777.40(1)(c). Therefore, adequate evidence supported the trial court's assessment of 5 points under OV 10.

## IV. BINDOVER

In his Standard 4 brief,[2] defendant raises two issues related to his bindover to the circuit court. First, defendant claims that the district court abused its discretion by binding him over on a charge of first-degree murder. This claim is meritless because defendant was not bound over on a first-degree murder charge. Defendant was charged with AWIM, felonious assault, MCL 750.82, and assault with intent to do great bodily harm less than murder, MCL 750.84. At defendant's preliminary examination, the district court stated the following on the record:

> Having heard the testimony herein, the Court finds, one, a crime was committed, two, that there is sufficient probable c[ause]; [I] will bind him over on the allegations contained in the complaint.

> The multiple—a fact-finder can [consider] the multiple strikes of this victim along with the weapon that [defendant] used, which was a hammer.

> They could conclude that it was murder—murder in the first degree, so, I will bind him over.

Although the district court's statement could be interpreted to mean that the court believed a jury could find defendant guilty of first-degree murder,[3] the district court also clearly stated that it was binding defendant over on the charges contained in the complaint. The district court's bindover order only included those charges contained in the complaint; it did not mention first-degree murder. It is well settled that "[a] court speaks through written judgments and orders rather than oral statements or written opinions." *People v Jones*, 203 Mich App 74, 82; 512 NW2d 26 (1993). Defendant was not bound over on a first-degree murder charge and such a

---

[2] Administrative Order No. 2004–6, Standard 4.

[3] The circuit court interpreted the district court's statement to mean that there was sufficient evidence of defendant's requisite intent to kill to support his bindover on the AWIM charge.

charge was not presented to the jury. Accordingly, defendant's claim that the district court erroneously bound him over on a first-degree murder charge is meritless.

Defendant also argues that his trial counsel was ineffective for failing to object at the preliminary examination to the district court's decision to bind him over on a charge of first-degree murder. As discussed, defendant was not bound over on a charge of first-degree murder. Counsel cannot be deemed ineffective for failing to raise a meritless or futile objection. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012). Moreover, because defendant was not charged with first-degree murder and such a charge was never presented to the jury, defendant cannot show prejudice resulting from the lack of an objection at the preliminary examination. See *People v Reed*, 449 Mich 375, 400-401; 535 NW2d 496 (1995). Accordingly, defendant is not entitled to relief on his ineffective assistance claim.

Defendant's conviction is affirmed, but the case is remanded to allow the trial court to either articulate a factual basis underlying its assessment of 50 points under OV 6, or, if sufficient facts do not exist to support a finding of premeditation, to lower defendant's OV 6 score to 25 points and resentence defendant. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter